# Exhibit 1

4/11/2025 9:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99596339
By: Jarod Stirrup
Filed: 4/11/2025 9:37 PM

2025-25886 / Court: 127

**CAUSE NO. _______________**

| | | |
|---|---|---|
| **DYMOND CANADA AND DONAE DOUGLAS, PLAINTIFFS** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **vs.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **MIDAS HOUSTON, LLC, MIDAS INTERNATIONAL, LLC, TBC CORPORATION, FERENCE ANDRES BARNES, AND GROUPON, INC., DEFENDANTS** | § | |
| | § | |
| | § | |
| | § | |
| | § | **OF HARRIS COUNTY, TEXAS** |

**PLAINTIFFS' ORIGINAL VERIFIED PETITION**

**NOW COME** Plaintiffs Dymond Canada and Donae Douglas, complaining of Defendants Midas Houston, LLC, Midas International, LLC, TBC Corporation, Ference Andres Barnes, and Groupon, Inc., and for cause of action would show the Court the following:

**Discovery Control Plan**

1. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Level 3.

**Plaintiffs**

2. Plaintiff, Dymond Canada, is an individual who is a resident of the state of Missouri.

3. Plaintiff, Donae Douglas, is an individual who is a resident of the state of Missouri.

**Defendants**

4. Defendant, Midas Houston, LLC, is a Texas corporation and Defendant may be served with process by serving CT Corporation System, its registered agent, by certified mail, return receipt requested, addressed to the registered office located at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 1 of 27

5. This Court has jurisdiction over Midas Houston, LLC because said Defendant is a resident of Texas.

6. Defendant, Midas International, LLC, is a corporation organized under the laws of the state of Delaware. Midas International, LLC is authorized to do business in Texas and may be served with process by serving Corporation Service Company, its registered agent, by certified mail, return receipt requested, addressed to the registered office located at 211 E. 7th Street, Austin, Texas 78701.

7. This Court has jurisdiction over Midas International, LLC because said Defendant had continuous and systematic contacts with the State of Texas, thereby conferring jurisdiction over said Defendant.

8. Defendant, TBC Corporation, is a corporation organized under the laws of the state of Delaware with its principal office at 4300 TBC Way, Palm Beach Gardens, Florida 33410. Pursuant to Texas Civil Practice & Remedies Code §§ 17.041–17.045, TBC Corporation may be served with process by serving the Texas Secretary of State, Citations Unit, at P.O. Box 12079, Austin, Texas 78711, who shall forward the citation and petition to TBC Corporation at its principal place of business.

9. This Court has jurisdiction over TBC Corporation because said Defendant purposely accepted the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. TBC conducts business in Texas, directly and/or indirectly, through its control and operation of Midas-branded locations and marketing throughout the state.

10. Defendant, Ference Andres Barnes, is an individual who may be served with process at Defendant's place of business by personal delivery at Midas Automotive Service Center located



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 2 of 27

at 5609 Bellaire Blvd., Houston, Texas, or wherever Ference Andres Barnes may be found.

11. This Court has jurisdiction over Ference Andres Barnes because said Defendant is a resident of Texas.

12. Defendant Groupon, Inc. is a corporation organized under the laws of the state of Delaware. Groupon, Inc. is authorized to do business in Texas and may be served with process by serving CT Service Company, its registered agent, by certified mail, return receipt requested, addressed to the registered office located at 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

13. This Court has jurisdiction over Groupon, Inc. under Section 17.042(1), Texas Civil Practice and Remedies Code, because said Defendant contracted with a Texas resident and either party is to perform the contract in whole or in part in this state.

**Venue**

14. Venue is proper in this county in that the events giving rise to this cause of action occurred within Harris County.

**Jurisdiction**

15. The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiffs state that Plaintiffs seek monetary relief over $1,000,000.

16. The facts of this action and the relief sought are subject to the application of Chapter 17 of the Texas Business and Commerce Code, and Defendants are not exempted from this action by Section 17.49 of that code.

**Notice of Claim**

17. Plaintiffs will deliver a written notice of this claim to Midas Houston, LLC, on or about April 15, 2025, advising Defendants Midas Houston, LLC in reasonable detail of the specific



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 3 of 27

complaint made the subject of this action and the amount and nature of the damages and expenses sought. Midas Houston, LLC was able to request in writing an inspection, in a reasonable manner and at a reasonable time and place, any goods that are the subject of this action.

18. Plaintiffs intend to deliver written notice of this claim to Midas International, LLC on or about April 15, 2025 advising Midas International, LLC in reasonable detail of the specific complaint made the subject of this action and the amount and nature of the damages and expenses sought. Midas International, LLC was able to request in writing an inspection, in a reasonable manner and at a reasonable time and place, any goods that are the subject of this action.

19. Plaintiffs intend to deliver written notice of this claim to TBC Corporation on or about April 15, 2025 advising TBC Corporation in reasonable detail of the specific complaint made the subject of this action and the amount and nature of the damages and expenses sought. TBC Corporation was able to request in writing an inspection, in a reasonable manner and at a reasonable time and place, any goods that are the subject of this action.

20. Plaintiffs intend to deliver written notice of this claim to Ference Andres Barnes on or about April 15, 2025 advising Ference Andres Barnes in reasonable detail of the specific complaint made the subject of this action and the amount and nature of the damages and expenses sought. Ference Andres Barnes was able to request in writing an inspection, in a reasonable manner and at a reasonable time and place, any goods that are the subject of this action.

21. Plaintiffs intend to deliver written notice of this claim to Groupon, Inc. on or about April 15, 2025 advising Groupon, Inc. in reasonable detail of the specific complaint made the subject of this action and the amount and nature of the damages and expenses sought. Groupon, Inc. was able to request in writing an inspection, in a reasonable manner and at a reasonable time and place, any goods that are the subject of this action.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 4 of 27

## Facts

**A. Discriminatory Refusal of Service and Assault at Midas, Houston**

22. On or about May 1, 2023, Plaintiffs Dymond Canada and Donae Douglas, a committed same-sex couple, lawfully visited the Midas Automotive Service Center located at 5609 Bellaire Blvd., Houston, Texas, to redeem a promotional Groupon voucher for a routine oil change. The voucher had been purchased through Groupon, Inc. and was valid at that location, as advertised by Midas.

23. Upon discerning that Plaintiffs were a Black lesbian couple based on their appearance, Defendant Ference Andres Barnes, an employee of the Midas location, refused service and made overtly discriminatory remarks, stating in substance that Midas does not "serve people like you." These comments were accompanied by hostile, demeaning language based on Plaintiffs' sexual orientation and gender, in clear violation of public accommodation laws and the Houston Equal Rights Ordinance (HERO).

24. When Plaintiffs refused to engage or respond to the abusive language and discriminatory treatment, Defendant Barnes became visibly aggressive, hostile, and enraged. As Plaintiffs ignored Defendant Barnes and walked out of the Midas building facility, Barnes exited the service desk and followed Plaintiffs into the parking lot, where his conduct then escalated into a violent, bias-fueled physical attack.

25. While shouting racial, misogynistic, and homophobic slurs, Defendant Barnes physically confronted Plaintiffs, kicked their vehicle, and made verbal threats of serious bodily harm. Barnes's assault was made with specific intent to harm, placing Plaintiffs in fear of imminent serious bodily injury, constituting terroristic threats under Texas penal code §§22.07.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 5 of 27

26. Plaintiffs attempted to leave the premises, but Defendant Barnes physically obstructed their car, blocked their path of egress, and forcibly prevented Plaintiff Dymond Canada from entering the passenger side of the vehicle, effectively restraining her freedom of movement. His actions amounted to unlawful restraint, and his threats and gestures placed Plaintiffs in immediate fear of serious bodily harm.

27. Defendant Barnes then physically assaulted both Plaintiffs, striking them multiple times with his hands and body. The attack left visible bruising, swelling, and soft tissue injuries, and resulted in damage to their personal property, including clothing, footwear, and most significantly, their vehicle.

28. In the course of the attack, Defendant Barnes kicked and struck Plaintiffs' car with significant force, causing extensive body damage, denting, and misalignment. The cost to repair the damage exceeded $2,500, constituting criminal mischief at the felony level under Texas Penal Code § 28.03(b)(4)(A).

29. The violent assault and obstruction persisted for several minutes until another Midas employee intervened and physically stopped Defendant Barnes, allowing Plaintiffs to flee in their vehicle. They left the scene in fear for their lives.

**B. <u>False Police Report, Arrest, and Public Humiliation</u>**

30. Immediately after the incident, and in a further act of malice and retaliation, Defendant Barnes falsely reported to law enforcement that Plaintiffs had assaulted him. He knowingly made false criminal accusations to cover up his own unlawful conduct and to further harass and endanger Plaintiffs.

31. Relying on these false accusations and without conducting an adequate investigation or reviewing any security footage, Houston police arrested both Plaintiffs miles away at their home



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 6 of 27

and publicly accused them of criminal conduct. Plaintiffs were handcuffed, manhandled and thrown into the back of police cars after being surrounded by several officers in their gated community.

32. Instead of transporting Plaintiffs directly to the station, Houston police drove them to a secluded area, where they allowed Defendant Barnes–unrestrained and unencumbered in any way–to further humiliate and intimidate Plaintiffs. Defendant Barnes's connection to the arresting officers is not currently known.

33. Thereafter, for the first time in their lives, they were booked, jailed, and subjected to legal proceedings, all based on false pretenses.

34. Defendant Barnes's malicious false report was echoed by several media outlets, including online and television news organizations, causing widespread public humiliation, reputational damage, and the loss of Plaintiffs' employment. They were publicly branded as violent criminals, despite being the true victims of the incident. Plaintiffs were subjected to public scrutiny, ridicule, and threats, and their names and images were disseminated across media platforms without regard for the truth.

35. As a result of these defamatory reports and the unjust criminal charges, Plaintiffs were forced to leave Houston and relocate to Missouri for their safety. They were driven from their home, community, and places of employment.

**C. <u>Lasting Harm to Plaintiffs</u>**

36. Plaintiffs ultimately retained counsel, who conducted an independent investigation, obtained exonerating evidence, and provided it to the Harris County District Attorney's Office. After review, all criminal charges were dismissed with prejudice, affirming Plaintiffs' innocence.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 7 of 27

37. As a direct and proximate result of Defendant Barnes's conduct, Plaintiffs suffered both immediate and lasting injuries, including visible bruising and swelling, as well as severe and permanent harm to their physical and emotional well-being. These injuries—external and internal—resulted in conscious pain and suffering of both mind and body. Plaintiffs were hindered and prevented from attending to their usual duties and affairs, losing the value of that time.

38. Plaintiffs further incurred and became liable for substantial sums of money for medical care and treatment, psychological counseling, legal representation, transportation, housing, and other efforts to recover and protect themselves from continued harm.

39. Plaintiffs experienced overwhelming humiliation, isolation, and despair as a result of Defendant Barnes's hate-fueled assault and subsequent false allegations. They have suffered from severe anxiety, depression, emotional numbness, and persistent feelings of hopelessness and guilt. They continue to experience chronic fatigue, debilitating headaches, stomach pain, and other unexplained physical symptoms attributable to psychological trauma.

40. Plaintiffs also endured withdrawal from loved ones, social disconnection, and difficulty functioning in daily life. They have faced significant changes in eating and sleeping patterns, as well as flashbacks, nightmares, hypervigilance, and avoidance behaviors consistent with post-traumatic stress disorder (PTSD). At times, they engaged in self-destructive behaviors that required medical and psychological intervention to address the emotional injuries inflicted by Defendant Barnes's conduct.

**D. <u>Pattern of Misconduct and Parent Company Responsibility</u>**

41. Upon information and belief, complaints of discrimination, hostility, or unprofessional conduct had been made against Midas Houston, LLC and/or its employees prior to May 1, 2023. Despite this, no corrective action was taken by the franchisee, its franchisor Midas International,



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 8 of 27

LLC, or its parent company TBC Corporation. These entities exercised or had the right to exercise operational control over training, customer policies, and employee behavior at Midas-branded locations, including Midas Houston. Their failure to take remedial action reflects gross negligence and conscious indifference to consumer safety.

42. Defendant Barnes's actions were knowing, intentional, and committed with malice. His conduct constitutes one or more felonies under the Texas Penal Code, including assault based on bias or prejudice (Tex. Penal Code § 22.01(b)(2)(B)), unlawful restraint (§ 20.02), terroristic threat (§ 22.07), and criminal mischief over $2,500 (§ 28.03). These acts were committed because of Plaintiffs' race and sexual orientation and reflect extreme, felonious, and malicious conduct supporting punitive damages.

43. Midas Houston, LLC operated as a franchisee under the Midas brand, which is owned and controlled by Defendants Midas International, LLC and TBC Corporation. As franchisor and parent company, respectively, these Defendants retained or exercised control over Midas Houston's branding, employee training protocols, hiring guidelines, operational policies, and customer-facing standards. The conduct of Defendant Barnes was committed in the course of executing duties under this franchised structure and within the scope of operations governed by Midas International, LLC and TBC Corporation.

44. At all relevant times, Defendants Midas International, LLC, and TBC Corporation had the right to control and supervise employee behavior, branding, and customer interactions at franchise locations, including Midas Houston, LLC. Their failure to ensure that locations under their brand operated without discrimination or violence constitutes gross negligence and conscious indifference to the safety of consumers such as Plaintiffs.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 9 of 27

**E. Deceptive Promotion and Role of Groupon, Inc.**

45. Plaintiffs were induced to visit Midas Houston, LLC by a promotional offer marketed and sold by Defendant Groupon, Inc. The Groupon voucher represented that Midas Houston was a safe, reputable service provider but failed to disclose any risks, prior complaints, or operational concerns associated with that location. Plaintiffs relied on Groupon's representations in good faith, and had they been aware of the true nature of the location or the conduct of its employees, they would not have purchased or attempted to redeem the offer.

46. At the time it marketed and sold the promotional offer, Groupon, Inc. knew or should have known of prior complaints or public safety concerns involving the location or its staff, including Barnes. Despite this, Groupon failed to investigate or disclose any risks to consumers and continued to promote the location as a safe and reputable business. Plaintiffs relied on these representations to their detriment.

47. Upon information and belief, prior complaints had been made regarding discriminatory behavior, misconduct, or violent tendencies involving employees or management at the Midas Houston, LLC location. These complaints were available to or known by Defendants Midas Houston, LLC, Midas International, LLC, TBC Corporation, and Groupon, Inc., yet no action was taken to warn or protect consumers, including Plaintiffs.

48. Plaintiffs specifically relied on Defendant Groupon, Inc.'s representations that Midas Houston, LLC was a trustworthy and professionally operated automotive service provider. The Groupon voucher advertised Midas-branded oil changes without disclosing any limitations, risks, or exceptions, and Plaintiffs were not provided any warning that they would be refused service or subject to physical harm based on their appearance. At no time prior to or during the purchase did Groupon disclose the history of discrimination, misconduct, or safety concerns associated with the



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 10 of 27

location. Had Plaintiffs known this information, they would not have purchased or attempted to redeem the offer.

**Causes of Action**

**COUNT 1—INFLICTION OF BODILY INJURY**

49. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

50. Plaintiffs have continued to suffer psychological trauma, loss of community, and economic harm as a result of the events described herein.

51. Defendant Ference Andres Barnes made physical contact with Plaintiffs' person.

52. Defendant Ference Andres Barnes intentionally caused Plaintiffs bodily injury.

53. The above actions of Defendant Ference Andres Barnes constituted a producing cause of the economic and mental anguish damages of Plaintiffs.

54. Plaintiffs seek economic and mental anguish damages suffered due to the actions of Defendant Ference Andres Barnes.

55. Defendant Ference Andres Barnes's actions were committed knowingly and intentionally.

56. Plaintiffs seek damages within the jurisdictional limits of this Court.

57. **Exemplary damages**. Plaintiffs' injuries resulted from Defendant's malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a)(2).

**COUNT 2—ASSAULT BY OFFENSIVE PHYSICAL CONTACT**

58. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

59. In addition to other counts, Defendant Ference Andres Barnes made offensive physical contact with Plaintiffs person.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 11 of 27

60. Defendant Ference Andres Barnes made the physical contact intentionally and knowingly.

61. Defendant Ference Andres Barnes knew or reasonably should have believed that Plaintiffs would regard the physical contact as offensive.

62. Defendant Ference Andres Barnes's actions caused injury to Plaintiffs, which resulted in economic and mental anguish damages.

63. Defendant Ference Andres Barness' actions were committed knowingly and intentionally.

64. Plaintiffs seek damages within the jurisdictional limits of this Court.

65. **Exemplary damages**. Plaintiffs' injuries resulted from Defendant's malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

**COUNT 3—THREAT OF BODILY INJURY**

66. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

67. In addition to other counts, Defendant Ference Andres Barnes threatened Plaintiffs with imminent bodily injury.

68. Defendant Ference Andres Barnes intentionally threatened Plaintiffs with imminent bodily injury.

69. Defendant Ference Andres Barnes's actions caused injury to Plaintiffs, which resulted in economic and mental anguish damages.

70. Defendant Ference Andres Barness' actions were committed knowingly and intentionally.

71. Plaintiffs seek damages within the jurisdictional limits of this Court.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 12 of 27

72. **Exemplary damages**. Plaintiffs' injuries resulted from Defendant's malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

**COUNT 4—FALSE IMPRISONMENT**

73. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

74. Defendant Ference Andres Barnes willfully and unlawfully detained Plaintiffs by: (1) physically obstructing their movement in the Midas parking lot; (2) blocking and restraining access to their vehicle to prevent them from leaving the premises; (3) positioning himself in a threatening and violent manner to coerce compliance through fear; and (4) subsequently causing Plaintiffs' unlawful arrest and incarceration by knowingly filing a false police report that led directly to their detention in the Harris County Jail. Defendant Ference Andres Barnes's actions amounted to both physical and legal restraint, depriving Plaintiffs of their liberty without consent and without lawful justification.

75. Plaintiffs did not consent to the detention.

76. Defendant Ference Andres Barnes had no legal authority or justification to detain Plaintiffs.

77. Defendant Ference Andres Barnes's actions caused injury to Plaintiffs, which resulted in economic and mental anguish damages.

78. Defendant Ference Andres Barnes's actions were committed knowingly and intentionally.

79. Plaintiffs seek damages within the jurisdictional limits of this Court.

80. **Exemplary damages**. Plaintiffs' injuries resulted from Defendant's malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 13 of 27

41.003(a)(2).

**COUNT 5—NEGLIGENCE**

81. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

82. Defendants owed Plaintiffs a legal duty to operate their business in a reasonably safe and lawful manner, including a duty to refrain from causing harm to customers and to ensure their employees did not engage in discriminatory, violent, or otherwise tortious conduct.

83. Defendants breached this duty by, among other things, failing to properly manage and supervise employees, allowing discriminatory treatment based on Plaintiffs' sexual orientation, failing to de-escalate customer disputes, and permitting or encouraging false reports to law enforcement.

84. As a proximate result of Defendants' negligence, Plaintiffs suffered physical injuries, emotional distress, loss of liberty, damage to their reputation, and incurred legal expenses.

85. Defendants' breach of duty was the direct and foreseeable cause of Plaintiffs' damages, and Plaintiffs seek recovery for all compensatory damages allowed under Texas law.

**COUNT 6—NEGLIGENT HIRING**

86. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

87. Defendants Midas Houston, LLC, Midas International, Inc., and TBC Corporation (together, "Midas Defendants") had a legal duty to hire, supervise, train, or retain competent employees.

88. Upon information and belief, Barnes had previously engaged in discriminatory or hostile conduct toward customers at Midas Houston, and such behavior had been brought to the attention of store management or corporate leadership. Despite this, he was not disciplined, retrained, or terminated.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 14 of 27

89. Midas Defendants breached the duty when they negligently hired, supervised, trained or retained Defendant Ference Andres Barnes.

90. Midas Defendants' breach of their duty to hire, supervise, train or retain competent employees and Barnes's commission of assault, infliction of bodily injury, terroristic threats, false imprisonment, criminal mischief and defamation proximately caused injury to Plaintiffs, which resulted in economic and mental anguish damages.

91. Plaintiffs seek damages within the jurisdictional limits of this Court.

92. **Exemplary damages**. Plaintiffs' injuries resulted from Defendants' gross negligence, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(3).

**COUNT 7—VIOLATIONS OF DTPA**

93. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

94. Defendants' conduct constituted violations under the Texas Deceptive Trade Practices Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.)("the Act"). Defendants are liable to Plaintiffs under Sec 17.50, Texas Business and Commerce code because Defendants' conduct constituted a producing cause of economic damages and damages for mental anguish sustained by Plaintiffs through the following means:

95. Defendants used or employed false, misleading, or deceptive acts or practices that are specifically enumerated in Section 17.46(b) of the Act and that were relied on by Plaintiffs to Plaintiffs' detriment. Defendants' conduct violated the following specifically enumerated acts or practices listed in that section, all in violation of Section 17.50(a)(2) of the Act:

a. causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 15 of 27

b. causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

c. representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

d. advertising goods or services with intent not to sell them as advertised;

e. advertising goods or services with intent not to supply a reasonable expectable public demand, unless the advertisements disclosed a limitation of quantity;

f. representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

g. failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

96. Defendants' conduct represented an unconscionable action or course of action in violation of Section 17.50(a)(2) of the Act.

**Additional Causes of Action**

97. Defendants made false representations of material facts to Plaintiffs knowing that such misrepresentations were false, or with reckless disregard for the truth of such representations, with the intention that Plaintiffs act on such representations. Plaintiffs did in fact rely on such false representations.

98. Defendants concealed or failed to disclose material facts that were within Defendants' knowledge knowing that Plaintiffs did not have such knowledge and knowing that Plaintiffs did not have an equal opportunity to discover the truth. It was Defendants' intention to induce Plaintiffs to enter into the transaction by such concealment and Plaintiffs would have not entered into the transaction but for such concealment.

99. These fraudulent actions by Defendants were a proximate cause of the damages



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 16 of 27

sustained by Plaintiffs.

**COUNT 8—FRAUDULENT INDUCEMENT BY CONCEALMENT**
**(AGAINST GROUPON, INC.)**

100. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

101. Defendant Groupon, Inc. marketed and sold a promotional voucher for services to be rendered at the Midas Houston, LLC location, representing that the voucher was valid and redeemable for routine automotive services at that location.

102. At the time of this marketing and sale, Groupon knew or should have known that Midas Houston, LLC had previously refused to honor Groupon vouchers presented by other customers, including women and minority consumers. Groupon had issued refunds in response to those refusals and was aware of complaints made by affected consumers.

103. Groupon failed to disclose this material information to Plaintiffs prior to their purchase and redemption of the voucher. Plaintiffs could not have reasonably discovered this concealed information through ordinary diligence, and Groupon possessed exclusive knowledge of these facts due to its role in processing prior complaints and refunds.

104. Groupon concealed this information with the intent to induce Plaintiffs and other consumers to rely on the promotion and complete the purchase of the voucher.

105. Plaintiffs justifiably relied on Groupon's omission and purchased the voucher, reasonably believing that it would be honored by Midas Houston, LLC without incident.

106. As a direct and proximate result of this concealment, Plaintiffs were exposed to discriminatory and violent conduct, suffered physical injuries, emotional distress, reputational harm, and economic losses.

107. Groupon's conduct constitutes fraudulent inducement by concealment under Texas



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 17 of 27

law. Plaintiffs seek recovery of actual damages, damages for mental anguish, and exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a)(1) and (2).

108. This claim is pled in the alternative to Plaintiffs' Deceptive Trade Practices Act (DTPA) claim pursuant to Rule 48 of the Texas Rules of Civil Procedure.

**COUNT 9—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

109. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

110. In the alternative to all other counts, Defendants, jointly and severally, intentionally caused Plaintiffs emotional distress.

111. This claim is pled in the alternative and applies to any conduct by Defendants that may not meet the technical elements of other torts but still resulted in extreme emotional harm.

**Vicarious Liability – Agency**

112. At the time of the events giving rise to this suit, Defendant Midas Houston, LLC had intentionally granted Ference Andres Barnes the authority to act on Midas Houston, LLC's behalf.

113. On information and belief, Barnes was employed as the manager of the Midas location and was authorized to interact with customers, manage operations, and represent the business in the ordinary course of employment.

114. Barnes's role also included authority over service decisions, customer interactions, and employee conduct, and he acted within the apparent and actual authority granted by Midas Houston, LLC, as well as under the operational structure and branding policies dictated by Midas International, LLC and TBC Corporation

115. In the alternative, at the time of the events giving rise to this suit, Defendant Midas Houston, LLC had intentionally allowed Ference Andres Barnes to believe that he had the authority to act on Midas Houston, LLC's behalf.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 18 of 27

116. At the time of the events giving rise to this suit, Defendant Ference Andres Barnes was acting within the scope of the authority granted by Defendant Midas Houston, LLC.

**Vicarious Liability – Respondeat Superior**

117. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

118. The acts and omissions of Ference Andres Barnes, employee, were performed while in the employment of Defendant, Midas Houston, LLC, and were within the scope of that employment or within the authority delegated to the employee.

**Damages**

119. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

120. Defendants' breach of duty proximately caused injury to Plaintiffs, which resulted in the following damages:

a. Physical pain in the past and future.

b. Mental anguish in the past and future.

c. Disfigurement in the past and future.

d. Physical impairment in the past and future.

e. Medical expenses in the past and future.

f. Loss of earning capacity in the past and future.

g. Loss of consortium in the past and future.

h. Loss of household services in the past and future.

i. Market-value damages, which is the difference between the item's value immediately before and immediately after the damage.

j. Replacement-value damages, which is the cost of replacing or reproducing the property.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 19 of 27

k. Actual or intrinsic-value damages, which is the value of the property to Plaintiffs in the condition it was in when it was damaged.

l. Sentimental-value damages, which is the reasonable special value of the property to Plaintiffs.

m. Repair damages, which is the value of the reasonable cost of repairs.

n. Loss-of-use damages, which is the reasonable cost of renting a replacement.

o. Stigma damages, which compensate Plaintiffs for the property's diminished market value even after the property was repaired.

p. Lost profits, which is the value for the loss of anticipated profits.

q. Mental-anguish damages for egregious conduct.

**Exemplary Damages**

121. Plaintiffs would also show that certain acts and omissions of certain Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with specific and predetermined intent based on bias. To punish Defendants for such unconscionable overreaching and to deter such actions and omissions in the future, Plaintiffs also seek recovery from Defendants for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

122. Plaintiffs seek exemplary damages from Defendant Ference Andres Barnes because his actions were extreme and a result of fraud, malice, or gross negligence. Plaintiffs specifically seek exemplary damages from Defendants Midas Houston, LLC, Midas International, LLC, and TBC Corporation because the acts of Ference Andres Barnes were fraudulent, malicious or grossly negligent and were performed while Barnes was employed by and acting on behalf of Midas Houston, LLC. Plaintiffs further allege that Midas Houston, LLC authorized the conduct and the



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 20 of 27

manner in which it was performed, or that Barnes was acting in a managerial capacity within the scope of his employment.

123. Plaintiffs allege that Midas International, LLC and TBC Corporation, as the franchisor and parent company of Midas Houston, LLC, respectively, exercised or had the right to exercise control over operational policies, training, employee standards, public-facing conduct, and branding of the Midas Houston location. Plaintiffs assert that these entities were responsible for setting and enforcing policies that governed employee behavior and customer interactions and that their failure to implement or enforce standards sufficient to prevent foreseeable acts of bias-based violence, discrimination, or retaliation amounts to gross negligence and conscious indifference to the rights and safety of the public, including Plaintiffs.

124. Plaintiffs allege that Midas International, LLC and TBC Corporation, as the franchisor and parent company of Midas Houston, LLC, respectively, exercised or had the right to exercise control over material aspects of the operations of Midas Houston, LLC, including employee conduct, training, hiring, customer service standards, branding, and security. Plaintiffs further allege that Barnes acted with the apparent or actual authority of all three Defendants.

125. Accordingly, Plaintiffs seek exemplary damages from Midas Houston, LLC, Midas International, LLC, and TBC Corporation on grounds that:

- Each Defendant either authorized Barnes's conduct, acted recklessly in employing or retaining him, or
- Barnes was acting in a managerial capacity on their behalf, or
- One or more Defendants negligently failed to control or supervise Barnes, despite having the authority or duty to do so, or



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 21 of 27

- The Defendants, acting as part of an integrated franchise and brand enterprise, were jointly and severally responsible for Barnes's conduct under theories of vicarious liability and operational control.

126. Plaintiffs seek exemplary damages from each Defendant as permitted by Texas Civil Practice and Remedies Code § 41.003(a)(1) and (3).

**Additional Remedies**

127. As authorized in Section 17.50(b)(2) of the Texas Business and Commerce Code, Plaintiffs seek an order enjoining Midas Houston, LLC, Midas International, LLC, TBC Corporation, Ference Andres Barnes, and Groupon, Inc., from continuing their deceptive and harmful practices in violation of the Texas Deceptive Trade Practices Act (DTPA).

128. Specifically, Plaintiffs request that the Court issue a permanent injunction prohibiting Defendants from:

- Refusing to honor valid promotional vouchers, including those sold through Groupon, without clear and conspicuous advance disclosure to consumers;
- Engaging in discriminatory denial of services based on sexual orientation, gender, or perceived identity;
- Advertising or selling promotional services that are not accepted at the location advertised, or where Defendants know or should know the services will not be honored;
- Making false or retaliatory reports to law enforcement against customers in response to legitimate service complaints;
- Retaliating against consumers who exercise their rights under the DTPA or file complaints with regulatory or law enforcement agencies.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 22 of 27

129. Plaintiffs further request that the Court order appropriate affirmative action, including the implementation of nondiscrimination policies, consumer complaint procedures, and clear notice requirements for promotional limitations at all relevant Midas locations and Groupon platforms.

**Interest, Attorney's Fees and Costs**

130. As authorized in Section 17.50(d), Texas Business and Commerce Code and Section 38.001, Texas Civil Practice and Remedies Code, Plaintiffs seek reasonable attorney's fees and costs of court.

131. Plaintiffs seek prejudgment and post-judgment interest on all damage awards.

132. Plaintiffs ask that all judgment be rendered against all Defendants jointly and severally.

**Rule 193.7 Notice**

133. Pursuant to Rules 47 and 48, Texas Rules of Civil Procedure, and the rules of pleadings, allegations in this Petition are made in the alternative.

**Conditions Precedent**

134. Plaintiffs were unable to give the statutory 60-day notice required under Tex. Bus. & Com. Code § 17.505(a) because the applicable statute of limitations was set to expire prior to the expiration of the notice period. Pursuant to § 17.505(b), Plaintiffs will provide notice promptly and request abatement of the DTPA claim as necessary.

**Required Initial Disclosures**

135. As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order.



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 23 of 27

136. Plaintiffs ask the Court to keep the requirement of Initial Disclosures to be made within 30 days.

**Jury Demand**

137. Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

**Objection to Associate Judge**

138. Plaintiffs object to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

**Prayer**

Plaintiffs Dymond Canada and Donae Douglas pray that citation be issued commanding Defendants to appear and answer herein and that Plaintiffs be awarded judgment against Defendants, jointly and severally, for actual damages, pre-judgment interest, post-judgment interest, costs of Court and for all other relief to which Plaintiffs are entitled both at law and in equity.

**[SIGNATURE PAGE FOLLOWS]**



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 24 of 27

Respectfully submitted,

/s/ *M. Tayari Garrett*

M. Tayari Garrett, Lead Counsel
State Bar No: 24073090
**Tayari Law PLLC**
3839 McKinney Ave., #155-2090
Dallas, Texas 75204
Office Phone: (833) 829-2740
Email: m.tayari@tayarilaw.com

and

Cierra N. Norris
Logan J. Meyer
*Pro Hac Vice Request Pending*
**C. NORRIS LAW GROUP, LLC**
900 W Jackson Blvd, Ste. 6E
Chicago, IL 60607
P. (312) 625-6129
Email: cierra@cnnorrislaw.com
Email: logan@cnnorrislaw.com

*Attorneys for Plaintiffs*



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 25 of 27

**VERIFICATION**

STATE OF Missouri )
) ss:
COUNTY OF City of St. Louis )

BEFORE ME, the undersigned authority personally appeared Dymond Canada who, on oath, stated that the statements made in the foregoing *Plaintiffs' Verified Original Petition,* are true and correct.

Dymond Canada

SUBSCRIBED AND SWORN TO BEFORE ME on this 11th day of April 2025, to certify which witness my hand and seal of office.

Notary Public, State of Missouri

SHANA MARIE HOLLIMAN
Notary Public - Notary Seal
St. Louis City - State of Missouri
Commission Number 24770067
My Commission Expires Nov 11, 2028



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 26 of 27

**VERIFICATION**

STATE OF Missouri )
) ss:
COUNTY OF City of ST. Louis )

BEFORE ME, the undersigned authority personally appeared Donae Douglas, who, on oath, stated that the statements made in the foregoing *Plaintiffs' Verified Original Petition* are true and correct.

Donae Douglas

SUBSCRIBED AND SWORN TO BEFORE ME on this 11th day of April 2025, to certify which witness my hand and seal of office.

Notary Public, State of Missouri

SHANA MARIE HOLLIMAN
Notary Public - Notary Seal
St. Louis City - State of Missouri
Commission Number 24770067
My Commission Expires Nov 11, 2028



For Official Governmental Use Only - Do Not Disseminate to the Public: 119989749 - Page 27 of 27




I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this May 9, 2025

Certified Document Number: 119989749 Total Pages: 27

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**